URIAH MANN *et al.*

*v.*

GEORGE B. RICHARDSON.

1. COMMISSIONERS OF HIGHWAYS—*power to submit damages for land taken for road to arbitration.* Where commissioners of highways are unable to agree with the owner of land over which a highway is sought to be laid out, as to the damages to be paid him, they have no authority to submit the question of such damages to arbitration, and thus bind their town.

2. ARBITRATION—*of a public interest by officer.* Where the law imposes a personal duty upon an officer in relation to a matter of public interest, he can not delegate it to others, and therefore, such officer can not submit such matters to arbitration.

3. AGENCY—*personal liability where he exceeds his power.* Where an agent undertakes to contract on behalf of an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he will be personally responsible, as he is presumed, in such case, to know the exact extent of his authority.

4. OFFICER—*whether liable on contracts beyond his authority.* But where an officer or public agent contracts in good faith with parties having knowledge of the extent of his authority, or who have equal means of knowledge, he will not become individually liable, unless the intent to incur personal liability is clearly expressed, although it should be found that, through ignorance of the law, he may have exceeded his authority.

5. Thus, where commissioners of highways, in a proceeding to lay out a highway, being unable to agree with a land owner as to the damages he would sustain, submitted the matter of damages to arbitration,

31—66TH ILL.

and executed their bond in their individual names containing an express covenant to abide by and perform the award, they having no power to bind their town in this manner, it was *held,* that they were not individually liable on such bond.

6. ARBITRATION BOND. Where parties enter into a bond conditioned that they will abide by and perform an award to be made by the persons chosen, if it be made in writing, under the hands and seals of the arbitrators, by a day stated, they will not be liable upon an award not under seal; and a declaration on such bond will be fatally defective, if it fails to aver that the award was made under the seals of the arbitrators.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

This was an action of debt, upon an award, brought by George B. Richardson against Uriah Mann and Daniel Bailey.

The defendants, as commissioners of highways, had taken steps to lay out a public road over the land of the plaintiff, and being unable to agree with him as to the damages he was entitled to receive from the town, they and the plaintiff entered into the following submission of the matter to arbitration: "We, the undersigned, hereby mutually agree to submit our matters in difference in regard to building a certain road near the Sangamon river, at Howlett, to the award and determination of R. H. Constant, John Wilson, and such third person as said Constant and Wilson may agree upon, if a third person should become necessary, for them to hear and determine the same, and make their award in writing, on or before the first day of November next. Witness our hands and seals this 3d day of September, A. D. 1868."

The parties entered into bonds, each to the other, in the penal sum of $1000, conditioned to abide by and perform the award to be made under such submission, provided such award was made in writing, under the hands and seals of said arbitrators, and ready to be delivered on or before the first day of November thereafter.

The two arbitrators selected a third, and they awarded that the plaintiff "recover of Uriah Mann and Daniel Bailey,

commissioners of highways," etc., the sum of $650 in full of all matters referred.    This award was dated Sept. 5, 1868, and signed by the arbitrators, but was not under seal.

A stipulation was entered into that the demurrer previously filed to the declaration should be withdrawn, and that the plea of *nil debet* should be considered as applying to all the counts, with leave to interpose any matters of defense under the same, and that the defendants might, on the trial, take any exceptions to the award that could have been raised on demurrer.    There was also a stipulation containing an agreed statement of the facts.    The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff for $650 and costs of suit.

Messrs. STUART, EDWARDS & BROWN, for the plaintiffs in error.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is sought to hold plaintiffs in error personally liable to perform the award upon which the action is brought, mainly on the ground that the parties to the submission, by deed *inter partes*, contracted as principals, and are thereby estopped to deny that they contracted in that capacity.    As tending to strengthen this view it is insisted they had no authority to submit the controversy to arbitration except for their own purposes and on their own responsibility, and the law presumes that they only intended to do what they lawfully might.    The position assumed involves a question of fact and one of law.

There is nothing on the face of the papers that indicates that they were executed by plaintiffs in error in any other than their individual capacity.    The admitted facts, however, show they acted as commissioners of highways in the steps

they took concerning the road referred to in the arbitration proceedings, and that the controversy submitted to the arbitrators related only to the taking of the land of defendant in error for a public highway, which was so taken, all of which was known to him and the arbitrators at the time.

The statute makes it the duty of the highway commissioners, in case they can not agree with the owner, to assess the damages that he will sustain by reason of the construction of a road across his lands. It is a personal duty imposed upon them by law, and they can not delegate it to others. They can not submit such matters to arbitration, simply for the reason the statute has conferred no such power upon them. It is quite clear the town of which they were officers was in no way bound by their action.

There was a total want of authority to bind the town, and both parties are presumed to have been aware of it at the time they entered into the arbitration. The controversy submitted was of a public, not private interest. Plaintiffs in error had no more personal interest in it than any other citizen of the town. They acted in behalf of the public, whom they represented, and they will not be held personally liable unless they have in the agreement used apt words to charge themselves, that manifest a clear intention to do so.

Was there a personal undertaking on the part of plaintiffs in error to perform the award? It is obvious that no such agreement is contained in the submission itself. That simply submits the interest of the town to arbitration, which it is conceded they had no right to do. Their undertaking is to be found alone in the arbitration bond, and nowhere else. It contains an express covenant to abide by and perform the award, if it shall be made in writing under the hands and seals of the arbitrators and by the day stated.

It is a proposition too plain to require the citation of authorities to support, that if the award was not made by the day fixed and in the manner prescribed in the conditions

annexed to the bond, the obligors would be under no legal obligation to perform it.

No doubt is entertained that the action can only be maintained on the bond, if at all, for it contains the only express agreement to perform the award. If the first count in the declaration is intended to be a count on the bond, it is defective in not averring that the award was made under the seals of the arbitrators, and there is no proof in the record that would sustain such an averment. This was one of the conditions upon which the obligors agreed to perform the award, and the defect is fatal to the right of recovery.

The second count is upon the award as having been made in accordance with the terms of the submission, which does not show any undertaking to perform it such as would support an action. It is not perceived how plaintiffs in error can be held personally liable under the admitted facts, on the principle announced in *Wheeler* v. *Reed*, 36 Ill. 91. On the authority of *Motts* v. *Hicks*, 1 Cowen, 513, and other cases cited, it was held that where a person undertakes to contract as agent for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible. This is unquestionably good law, but has no application to the case at bar. A distinction has been taken, which has its foundation in reason and is supported by authority, in favor of public agents acting within the scope of their general powers. When such agents in good faith contract with parties having full knowledge of the extent of their authority, or who have equal means of knowledge with themselves, they do not become individually liable, unless the intent to incur personal responsibility is clearly expressed, although it should be found that through ignorance of the law they may have exceeded their authority. It was so held in *Sandborn* v. *Neal*, 4 Min. 126 ; see also *Parks* v. *Ross*, 11 Howard, U. S. 374.

The rule established by these cases is a reasonable one, and, in our judgment, tends to promote justice. Inferior officers,

like commissioners of highways, may be honestly mistaken as to the extent of the power conferred upon them by statute. When such officers, and persons with whom they have official business, in ignorance of the extent of their powers, contract in reference to the duties of their office, and it afterwards turns out that the town, on behalf of which they were acting, was not bound by their action, to hold them personally liable, would be to adopt a most unconscionable rule, that would ensnare honest men who undertake to perform these onerous duties for the public interest without any adequate compensation. The more reasonable doctrine is, to hold that such contracts are not binding on either party; and we think these principles were recognized by this court in *Duncan et al* v. *Niles*, 32 Ill. 532.

In this instance, it may be all parties concerned believed it was within the just exercise of the powers conferred upon the commissioners of highways to submit the question of damages to arbitration, and when the amount should be found it could be certified to the proper officers for allowance. This view is strengthened by the fact that one of the commissioners did make a certificate, as in the case of assessment of damages, and gave it to defendant in error to be presented, but for some reason the other refused to sign it, and by the further fact the award is against plaintiffs in error by the description of "commissioners of highways, etc."

For this mistake in judgment, honestly entertained by both parties, it seems to us it would be a harsh rule that would hold these officers personally liable for the amount of the award. If the town did not adopt the award and pay the damages, defendant in error was under no sort of obligation to surrender his land for public use, and if he did so without first demanding his damages, it was his own folly.

This case bears no analogy to that class of cases where the agent contracts on behalf of an individual or corporation, where the agent is presumed to know the exact extent of his authority in the premises. In the one case his authority is

derived from private instructions, and in the other from public laws. The principles which control this class of cases can have no application to the case at bar.

For the reasons given the judgment must be reversed and the cause remanded.

*Judgment reversed.*