The People of the State of Illinois ex rel. Maclay Hoyne, State's Attorney for the County of Cook, Plaintiff in Error, v. John E. Northup, Defendant in Error.

## Gen. No. 20,042.

1. QUO WARRANTO, § 10*—*when special State's Attorney is incumbent of an office.* The appointment by the court of a special State's Attorney to prosecute, instead of the State's Attorney, in certain cases authorized by statute, constitutes such appointee the incumbent of an office within the meaning of the Constitution and laws, so that his right and title to the office may be tested in a quo warranto proceeding.

2. STATE'S ATTORNEY, § 3*—*at whose instance special State's Attorney may be appointed.* The jurisdiction of the court to appoint a special State's Attorney need not necessarily be invoked at the instance and upon the petition of the State's Attorney but may be properly invoked by the court on its own motion or upon the petition of a citizen.

3. STATE'S ATTORNEY, § 3*—*when petition alleges facts sufficient to warrant appointment of special State's Attorney.* A petition for the appointment of a special State's Attorney to investigate frauds practiced in a general election in which there were different candidates for the office of State's Attorney, *held* to state facts to suffi-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ciently inform the court that the candidate elected was "interested" in the cause or proceeding which it was or might be his duty to prosecute and to warrant the appointment of a special State's Attorney.

4. COURTS, § 121*—*when acquisition of jurisdiction by one judge does not preclude another judge from assuming jurisdiction.* The fact that a judge of the Criminal Court of Cook county had already acquired jurisdiction of the investigation and prosecution of frauds committed in the election of State's Attorney upon the petition of the State's Attorney for the appointment of a special State's Attorney, does not preclude another judge of the same court from assuming jurisdiction to hear and act upon a petition presented to him by other parties for the appointment of a special State's Attorney to investigate and prosecute election frauds, where the scope of the investigation and prosecution involved in the latter petition is more comprehensive than that involved in the former petition.

5. JUDGMENT, § 250*—*amendment of record pending term.* At the same term all proceedings rest in the breast of the judge of the court, and he may amend his record according to the facts within his own knowledge.

6. APPEAL AND ERROR, § 936*—*when record shows basis for order to file amended petition nunc pro tunc.* Where the record shows that a petition for the appointment of a special State's Attorney was presented to a judge and that the judge assumed jurisdiction of the subject-matter involved and granted leave to file an amended petition and that on the following day, being of the same term of court, the judge directed the amended petition to be filed nunc pro tunc as of the previous day, *held* that the record of the proceedings had on the first day, even if based solely upon the facts within the personal knowledge of the judge, imported verity and that such record constituted a sufficient note or memorandum, if any was necessary, upon which to predicate the *nunc pro tunc* order.

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed January 26, 1914. Rehearing denied and additional opinion filed February 6, 1914.

MACLAY HOYNE, for plaintiff in error; FRANK JOHNSTON, JR. and HENRY A. BERGER, of counsel.

JOHN E. NORTHUP, *pro se*; WILLARD M. McEWEN and NORTHUP, ARNOLD & FAIRBANK, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE BAUME delivered the opinion of the court.

On June 5, 1913, Maclay Hoyne, State's Attorney in and for the county of Cook, for and in behalf of the People of the State of Illinois, filed his petition in the Circuit Court for leave to file an information in the nature of a quo warranto against John E. Northup, who was then and since June 2, 1913, alleged to be assuming or pretending to exercise the franchise, functions and powers of the office of State's Attorney of Cook county without warrant or authority of law. The respondent, Northup, having answered said petition the matter was heard by the court and upon such hearing it was ordered by the court that said petition be denied, and said petition was thereupon by order of the court dismissed at the costs of the petitioner. This writ of error is prosecuted by the petitioner, Hoyne, to reverse said orders of the Circuit Court.

As the salient facts embodied in the petition and answer, or disclosed upon the hearing, and necessary to a consideration of the questions involved must be here stated, it will be unnecessary to set forth at length the averments of said petition and answer.

For the purposes of this case it is conceded that the petitioner, Hoyne, was duly elected State's Attorney in and for the county of Cook at a general election held November 5, 1912, and that he regularly qualified as such State's Attorney. It is also conceded that among other candidates for said office at said election were Lewis Rinaker, William A. Cunnea and George I. Haight.

On May 19, 1913, the said Rinaker, Cunnea and Haight, by their counsel, Frank D. Ayers, appeared before Hon. William Fenimore Cooper, one of the judges then presiding in a branch of the Criminal Court, and presented to the court a petition for the appointment by the court of a special State's Attorney to investigate the election held November 5, 1912, with power and authority to prosecute offenders of alleged

frauds committed at said election. The duly authenticated record of the proceeding of said branch of the Criminal Court had on said May 19, 1913, relating to said petition, contains the following recital:

"This day the said People by Maclay Hoyne, State's Attorney and the said petitioners by their counsel also come.

And counsel for said petitioners now here present a petition to this court, praying for the appointment of a special State's Attorney to investigate election frauds, and it appearing to the court that said petition is insufficient the court of its own motion suggests that said petition be amended which was done.

And it is ordered by the court that counsel for said petitioners serve notice on the State's Attorney of the time of presentment of said petition to this court."

Following the presentation of said petition to Judge Cooper, and on the same day, counsel for said petitioners served upon the petitioner, Hoyne, a copy of their amended petition, together with notice that they would on Tuesday, May 20, 1913, appear at 10 o'clock, A. M., before Judge Cooper and ask leave to file said petition, praying for the appointment of a special State's Attorney and the convening of a special grand jury and would also ask that the hearing upon said petition be set down for Thursday, May 22, 1913, at 10 o'clock, A. M.

The said petition of Rinaker, Cunnea and Haight represents that they are citizens and taxpayers of Cook county and members of the Bar of the State of Illinois; that a proceeding by said Cunnea against Maclay Hoyne to contest the latter's election to the office of State's Attorney was then on hearing in the Circuit Court; that a recount then had in said contest proceedings of the votes cast at said election disclosed certain specified grave frauds and irregularities; that although several grand juries had been convened since said Hoyne had assumed the office of State's Attorney, and the attention of the grand jury then in session had been particularly called by the court to the question of

election frauds, the said Hoyne had done nothing towards the investigation of said frauds, but had refused to follow out the directions of the court in that regard, and had announced that he would not present any such matters to the grand jury then in session; that the said Hoyne "is interested in the investigation of election frauds in connection with the election for State's Attorney held on November 5, 1912."

On the following day, May 20, 1913, at 9:30 o'clock, A. M., being about thirty minutes prior to the time set for the presentation to Judge Cooper of the amended petition for the appointment of a special State's Attorney and the calling of a special grand jury, said Hoyne appeared before the Hon. George Kersten, one of the judges then presiding in a branch of the Criminal Court, and presented a petition requesting the appointment by Judge Kersten of some competent and disinterested person to investigate and inquire into all alleged frauds and irregularities at said election for State's Attorney, and, if any there be, to present evidence thereof to a special grand jury to be convened by the court at an early day for the purpose of investigating frauds and irregularities alleged to have been committed at said election and to prosecute such person or persons who may be guilty of criminal acts pertaining to said election, and that the attorney so appointed be clothed with all the necessary authority to act as special State's Attorney in accordance with the statute. The petition alleges that soon after the election held on November 5, 1912, said Cunnea filed a petition in the Circuit Court to contest the election of Hoyne to the office of State's Attorney; that during such contest proceedings, several of the defeated candidates for the office made various charges to the effect that various frauds and violations of the election law and the statutes of this State were committed by the judges and clerks of election in counting the votes of the various candidates for said office; that the petitioner did not participate in any frauds or violations

of the election law at said election, and has no personal knowledge of any such frauds committed in his favor; that said Cunnea, Rinaker and Haight each claims or pretends to desire to prosecute such persons who may have been guilty of the frauds and violations of the election law, the ballot law, and other felonies and misdemeanors which they claim occurred in and about the counting of the votes and ballots cast at said election, and for that purpose they have served notice on said petitioner that they will request Judge Cooper to appoint a special State's Attorney, and to convene a special grand jury; that said Rinaker and Cunnea have made allegations in said contest proceedings to the effect that gross frauds were committed in and about said election, but petitioner avers that such allegations have not been proved; that the said petition of said Rinaker and Cunnea about to be filed before Judge Cooper, requesting the appointment of a special State's Attorney and the convening of a special grand jury, is not made in good faith, and is for the purpose of securing the appointment as such special State's Attorney of a person who would not be wholly disinterested or impartial in conducting the said investigations of frauds, and the prosecutions of such persons as might be found to be guilty of same, and would not fairly and properly present the evidence relating to said alleged frauds before the said special grand jury; that upwards of two weeks ago, on the day that the regular grand jury then and since in session was impaneled, it was advised and instructed by Judge Cooper to consider such evidence as might be presented to it with reference to any frauds and irregularities that may have been perpetrated in the election aforesaid; that at that time the said Judge Cooper, in instructing said grand jury according to the publication of said instruction in the public press, invited all persons having or claiming to have any knowledge of frauds or irregularities in said election to communicate such knowledge to the court, or to said grand jury; that

said petitioner did thereupon publicly announce to the press of the city of Chicago that he would receive and transmit to said grand jury any and all evidence of any such alleged frauds or irregularities; that neither the said Cooper, nor any of the opposing candidates of said petitioner at said election, nor any other person, has presented or offered to present to the grand jury any evidence of any frauds or irregularities in said election, although they had full opportunity so to do; that by reason of said petitioner being a successful candidate at said election, and his having a personal interest in the said contest now pending in the Circuit Court, it would be inexpedient for him to present the evidence of such alleged frauds and irregularities in said election to the said special grand jury, or to prosecute any person or persons who might be indicted by said special grand jury for such frauds or irregularities.

Upon the presentation of said petition to Judge Kersten an order was entered finding that the petitioner, Hoyne, was personally interested in the investigation and prosecution of persons against whom there might appear to be just and reasonable grounds to establish guilt of criminal offenses committed in and about the casting of ballots and counting of votes for State's Attorney at said election, and appointing Clyde L. Day special State's Attorney, and directing the clerk of the court to forthwith issue a special venire for a grand jury returnable on the following day, May 21, 1913, when said grand jury should be convened for the sole and special purpose of investigating any and all frauds and irregularities alleged to have been committed in and about the casting of ballots and the counting of votes for the election of State's Attorney at said election.

On the same day, May 20, 1913, Clyde L. Day took the oath of office as special State's Attorney and a special venire for a grand jury was issued as ordered.

About an hour later on the same day, May 20, 1913,

counsel for Rinaker, Cunnea and Haight presented to Judge Cooper an amended petition for the appointment of a special State's Attorney and the calling of a special grand jury, which petition was then ordered by the court to be filed *nunc pro tunc* as of the preceding day, May 19, 1913, and thereupon said petition was so filed as ordered and a hearing on the matters involved in said petition was set for May 22d, following. On May 22d the parties appeared before Judge Cooper, when and where a partial hearing was had and a further hearing was continued to May 27th, following. On May 27th, upon the Court's own motion, a further hearing was continued to May 29th, following. On May 29th the Court (Judge Cooper) directed the clerk to forthwith issue a special venire for a special grand jury returnable June 6, 1913, and also then allowed the prayer of the petition for the appointment of a special State's Attorney, and reserved the entry of an order appointing such special State's Attorney until a later date. On June 2, 1913, the Court (Judge Cooper) entered an order appointing John E. Northup special State's Attorney to be and appear before the special grand jury theretofore summoned, with full power and authority in said Northup as such special State's Attorney to conduct investigations into any matters proper for said special grand jury to inquire into as charged by the court. On the same day, in pursuance to such appointment, the said Northup qualified as special State's Attorney by taking the oath of office and tendering his official bond, which was then approved and filed.

The arguments of counsel cover a wider scope than is necessary to the consideration and determination of the two dependent controlling questions involved in the case. First, whether or not the appointment by the court of an attorney as special State's Attorney to prosecute, instead of the State's Attorney, in certain cases authorized by the statute, constitutes such appointee the incumbent of an office within the mean-

ing of the Constitution and laws, so that his right and title thereto may be tested in a quo warranto proceeding. If this inquiry must be determined in the affirmative, then, second, whether or not the appointment by Judge Cooper of the respondent, John E. Northup, as special State's Attorney to prosecute alleged offenders of the election laws at the general election held November 5, 1912, was authorized, and constituted said respondent a special State's Attorney *de jure*.

Neither the regularity of the proceedings, wherein a special grand jury was convened by Judge Cooper, nor the integrity of said special grand jury, as being lawfully authorized to act in the premises, are properly involved in this case. No such necessary relation exists between the appointment of a special State's Attorney and the convening of a special grand jury as that an inquiry into the functions of the court in one particular may influence a determination of the functions of the court in the other particular.

On behalf of petitioner, Hoyne, it is insisted that the decision of the Supreme Court in *Lavin v. Board Com'rs Cook County*, 245 Ill. 496, conclusively establishes the position of a special State's Attorney to be an office as distinguished from a mere employment or agency. The decision in the *Lavin* case in its entirety was concurred in by a bare majority of the court. A separate opinion concurred in by three of the justices expressly withholds assent to the proposition that by the appointment of an attorney as special State's Attorney to prosecute particular causes he became an officer *de facto* or otherwise. Such separate opinion continues as follows:

"An office is defined in the constitution as being 'a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed.' (Const. art. 5, sec. 24.) The appointment by the court of an attorney to prosecute, instead of the State's attorney, in certain cases authorized by the

statute, does not constitute such attorney an officer but confers merely a temporary authority for a special occasion, which falls within the constitutional definition of an employment as 'an agency, for a temporary purpose, which ceases when that purpose is accomplished.' (Const. art. 5, sec. 24; *Bunn v. People,* 45 Ill. 397; *People v. Loeffler,* 175 id. 585.)''

The opinion of the majority of the court is admittedly open to the construction that the position of special State's Attorney is an office and that a special State's Attorney is an officer, within the meaning of the Constitution and laws, and in view of the fact that the separate opinion specifically expresses the dissent of the minority of the court upon those propositions we are unable to escape the conclusion that the precise status of a special State's Attorney was considered by the court as being involved in the case, and as being determined by the opinion which was concurred in by a majority of the court. Following the decision in the *Lavin* case, supra, it must be held that the appointment of the respondent, Northup, as special State's Attorney, if authorized, constituted his appointment to an office and that upon his qualification as such special State's Attorney he became the incumbent of an office within the meaning of the Constitution and laws.

It is said that the order entered by Judge Cooper appointing the respondent, Northup, special State's Attorney is void. We shall consider the several grounds urged in support of such contention in so far as the same are pertinent in the order of their presentment:

First, that there is no showing in the petition presented to Judge Cooper that State's Attorney Hoyne was interested in any frauds committed in the general election held on November 5, 1912.

The facts relating to the frauds and irregularities alleged in the petition to have been practiced at said election are set forth with sufficient definiteness to in-

form the court that the public interest required that the offenders should be prosecuted. The petition further informs the court that Mr. Hoyne, together with other persons named, were candidates of their respective political parties for the office of State's Attorney at said election, and alleges that the frauds and irregularities charged to have been practiced at said election were committed in pursuance to an organized effort to accomplish the election of Hoyne. The statement in the petition that Hoyne was "interested in the investigation of election frauds in connection with the election of State's Attorney" was merely the conclusion of the petitioners perhaps not aptly phrased, but the facts set forth in the petition sufficiently informed the court that Hoyne was "interested" in the "cause or proceeding," which it was or might be his duty to prosecute, following the language of the statute. The charges in the petition with reference to frauds and irregularities committed at the general election held November 5, 1912, were also sufficiently broad to involve the interests of persons who were then candidates for offices other than the office of State's Attorney. It is a matter of common knowledge, as to which the courts cannot feign ignorance, that under the existing system wherein candidates for public offices are affiliated with and nominated by the respective political parties to which they belong, and the voters generally are affiliated with political parties of their choice, charges affecting the integrity of the election of any one of the candidates nominated by a certain political party almost necessarily involve the interests of each of the other candidates nominated by that political party. The verified petition alleges facts sufficient to justify the court in the exercise of its judicial discretion in holding that State's Attorney Hoyne was so interested in the cause or proceeding in question as to warrant the appointment of a special State's Attorney to prosecute said cause or proceeding.

Second, that Judge Kersten had already acquired jurisdiction of the investigation and prosecution for frauds committed in the election of State's Attorney, and the assumption thereafter by Judge Cooper of such jurisdiction was without warrant of law.

It is a sufficient answer to this contention to say that the scope of the investigation and prosecution involved in the petition presented to Judge Cooper and in the order entered upon said petition is so much more comprehensive than that involved in the petition presented to Judge Kersten and the order entered thereon, that the pendency of the proceeding before Judge Kersten upon the petition of Mr. Hoyne did not as a matter of law preclude Judge Cooper from assuming jurisdiction to hear and act upon the petition presented to him. Furthermore, it appears from the record that the original petition of Rinaker, Cunnea and Haight for the appointment of a special State's Attorney was presented to Judge Cooper on May 19th, and that Judge Cooper then assumed jurisdiction of the subject-matter there involved, and that on May 20th, the day following, said petition as amended was directed by Judge Cooper to be filed *nunc pro tunc* as of May 19th. It is practically conceded that if Judge Cooper acquired jurisdiction of the subject-matter in question on May 19th, the order subsequently entered by him providing for the appointment of the respondent, Northup, as special State's Attorney to prosecute alleged offenders of the election laws of the election held on November 5, 1912, in so far as said order involved the prosecution of such alleged offenders for frauds and irregularities affecting the election of State's Attorney, was not unauthorized.

It will be observed that the proceedings had before Judge Cooper on May 19th and May 20th were had at the same term, both of said days being days of the May term, 1913, of the Criminal Court. It is well settled that at the same term all proceedings rest in the breast of the judge of the court, and he can amend

his record according to the facts within his own knowledge. *Hansen v. Schlesinger,* 125 Ill. 230; *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 288. The record of the proceedings had before Judge Cooper on May 19th, relative to the presentation to him of the original petition for the appointment of a special State's Attorney and of the action of the court with respect thereto, even if based solely upon facts within the personal knowledge of the judge, imports verity, and such record constitutes a sufficient note or memorandum, if any such was necessary, upon which to predicate the *nunc pro tunc* order entered on May 20th directing the clerk to file the amended petition as of May 19th.

We conclude that Judge Cooper acquired jurisdiction of the subject-matter of the proceedings involving the appointment of the respondent, Northup, as special State's Attorney on May 19th, and that the subsequent appointment by him in said proceedings of said Northup as such special State's Attorney was and is valid.

We cannot give our assent to the doctrine that the exercise of judicial power to appoint a special State's Attorney can only be invoked at the instance and upon the petition of the State's Attorney. True, the jurisdiction of the court in that respect may be thus invoked, but such jurisdiction may also be properly invoked by the court upon its own motion or upon the petition of a citizen.

We refrain from a discussion of other contentions which upon the record before us involve purely academic questions.

In *People v. Sullivan,* 247 Ill. 176, it is said:

"Whether leave shall be granted to file an information in the nature of *quo warranto* is in a large measure within the sound discretion of the court. Such discretion, however, is not to be exercised arbitrarily but in accordance with principles of law."

There was no abuse by the Circuit Court of its dis-

cretion in denying leave to file the information sought to be filed in this case and the judgment is affirmed.

*Judgment affirmed.*

### OPINION ON PETITION FOR REHEARING.

PER CURIAM.   In the petition for a rehearing of this cause filed by plaintiff in error it is urged that in the opinion heretofore filed this court misconceived the facts, erroneously construed the law and overlooked the authorities cited by plaintiff in error in the respects following:

First, that it is a misnomer to speak of the petition which was presented to Judge Cooper on May 20th as an *amended* petition.

This case was properly considered and determined here upon the record as actually made and not upon casual remarks of court and counsel in the course of certain proceedings preliminary to the action of the court, as evidenced by the record actually made. The recitals in the record of the proceedings had before Judge Cooper on May 19th upon the presentation of the original petition of Rinaker, Cunnea and Haight are, in part, as follows:

"And counsel for said petitioners now here present a petition to this court, praying for the appointment of a special State's Attorney to investigate election frauds, and it appearing to the court that said petition is insufficient the court of its own motion suggests that said petition be amended which was done.

And it is ordered by the court that counsel for said petitioners serve notice on the State's Attorney of the time of presentment of said petition to this court."

It is submitted that the designation of the petition which was presented to Judge Cooper on May 20th as the "amended petition" or the "petition as amended" is fully justified by the record as actually made. The record discloses that the petition which was presented to Judge Cooper on May 19th was amended on the same day and there is no pretense that this was not

the same petition that was presented to Judge Cooper on May 20th.

Second, that this court misconceived the facts when it stated that Judge Cooper assumed jurisdiction of the petition on May 19th.

The recitals in the record as above set forth unquestionably disclose an assumption by Judge Cooper of jurisdiction of the petition which was presented to him on May 19th. The court then directed the petition to be amended, noted the actual making of such amendment and ordered the petitioners to serve notice on the State's Attorney of the time of presentment of said petition. It is clear that by ''said petition,'' notice of presentment of which was ordered to be given, was meant the amended petition or the petition as amended.

Third, that the court misconstrued the law relative to the entry of a *nunc pro tunc* order and overlooked the authorities cited by plaintiff in error upon that question.

As the proceedings in question were had at the same term and rested in the breast of the judge, no note or memorandum upon which to predicate a *nunc pro tunc* order was absolutely essential to authorize the entry of such an order. All of the authorities cited by plaintiff in error relate to the necessity of some note or memorandum made at the term at which the proceedings were had to authorize the entering of a *nunc pro tunc* order at a subsequent term. The authorities cited are, therefore, not in point.

The petition for a rehearing is denied.

*Petition denied.*