NORBERT L. HUTCHENS *et al.*, d/b/a HUTCHENS AND MANN, Plaintiff-Appellee, *v.* JAMES WADE, Defendant-Appellee—(James Wade, as Sheriff of Pike County, Defendant-Appellant.)

(No. 11804;

Fourth District—August 13, 1973.

William E. Lowry, State's Attorney, of Pittsfield, for appellant.

Norbert L. Hutchens and Richard E. Mann, of Hutchens and Mann, of Winchester, *pro se*.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs sued Wade, individually, and Wade as Sheriff, for legal fees earned and expenses incurred by Mann. The complaint in one Count alleges that "defendants" employed Mann and promised to pay the values of the services performed in such employment. In such employment Mann brought action against the County Board of Supervisors seeking a declaratory judgment that Wade, as sheriff, was entitled to office space in the County Court House. In such litigation it was determined that the county board controlled the assignment of office space in the court house. (*Wade v. County of Pike*, 104 Ill.App.2d 426, 244 N.E. 2d 209.) In the action for declaratory judgment the then State's Attorney disqualified himself because of conflict of interest and the county board retained private counsel.

In this action for fees, the trial court entered judgment in favor of Wade individually, and judgment for plaintiffs against Wade as sheriff in the sum of $1996. Wade, as sheriff, by the present State's Attorney, appeals and plaintiffs cross-appeal from the judgment that plaintiffs take nothing from Wade individually.

At a bench trial evidence was heard upon the plaintiffs' complaint. Plaintiff Mann, and Wade testified concerning certain discussions resulting in an agreement pursuant to which Mann filed the lawsuit in question. According to Mann, Wade did not make clear to him whether payment for the lawsuit would come from Wade's personal funds or from the funds of the sheriff. Mann sent his bill to "Mr. James Wade, Sheriff, Pike County, Pittsfield, Illinois." Wade testified that Mann told him not to worry about the attorneys' fees from the lawsuit, because the county would pay since Wade was bringing suit as sheriff and not as an individual. A letter from Mann to Wade, which itemized attorney's fees and expenses for the lawsuit, states, "I have said before that the expense is a proper expenditure of the sheriff's office."

In the trial court Wade argued that it was the statutory duty of the State's Attorney to represent him (Ill. Rev. Stat. 1965, ch. 14, par. 5) which is apparently projected to mean that where the State's Attorney is disqualified, Wade, as sheriff, was entitled to some legal representation at county expense.

The statutory procedure by which county funds become liable to pay the services of a private attorney is in Ill. Rev. Stat., ch. 14, par. 6:

> "Whenever the attorney general or state's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding,   *   *   *."

It is agreed that in the declaratory judgment action no attorney was appointed by the court to represent Wade as sheriff. It is urged, however, that the trial judge acquiesced in the appearance of Mann as attorney for Wade, sheriff.

The trial court found that Wade was not liable individually, and further found that the trial court's acquiescence in Mann's appearance in the declaratory judgment action corrected whatever error existed in the failure to procure his appointment as provided by statute.

■■ The appointment of a special state's attorney involves the exercise of judicial discretion in the determination of whether a contingency authorizing the exercise of such power has arisen. (*Lavin v. Commrs. of Cook County* (1910), 245 Ill. 496, 92 N.E. 291. See also *People v. Sears*

(1971), 49 Ill.2d 14, 273 N.E.2d 380.) The jurisdiction of the trial court in such a matter may be initiated by the petition of the state's attorney or by the petition of a citizen. (*People v. Howorth* (1953), 415 Ill. 499, 114 N.E.2d 785.) There is dicta in *People v. Northup* (1914), 184 Ill. App. 638, to the effect that the jurisdiction of a court to appoint a special state's attorney may be invoked even upon the court's own motion. In any event, for a meaningful exercise of judicial discretion, the court's attention must in some way be directed to the subject matter requiring a decision. There is no showing that this was done in the case for which attorneys' fees are sought here. In the absence of appointment, the plaintiffs are not entitled to payment from county funds. *Ashton v. County of Cook* (1943), 384 Ill. 287, 51 N.E.2d 161.

■■ The court's conclusion that Wade was not liable individually is sustained in the authorities. In *Mann v. Richardson*, 66 Ill. 481, it was held that when a public agent acting within the scope of his general powers contracts in good faith with parties having full knowledge or equal means of knowledge of the extent of the public agent's authority, the latter does not become individually liable unless the intent to incur personal responsibility is clearly expressed, although through ignorance of law his authority is exceeded. See also 4 McQuillin, *Municipal Corporations*, p. 159, par. 12.214.

Ill. Rev. Stat. 1965, ch. 53, par. 37a, provides that the county board shall fix the compensation of the sheriff and shall also fix necessary clerk hire and "other expenses." In *Coles County v. Messer*, 195 Ill 540, 63 N.E. 391, it was said that expenses of the sheriff which are not fixed in advance by the county board cannot be recovered. In *People v. Frick*, 367 Ill. 446 at p. 450, 11 N.E.2d 955, it is said:

> "County officers have no power to create a liability against the county for office expenses except within some limit already fixed by the county board, and while expense allowance for an office may be changed from time to time as circumstances may require, there is no liability unless an allowance has previously been made."

Here, as in *Frick*, the burden of proof upon plaintiff was to show what action, if any, had been taken by the county board and nothing in this record meets such burden. Plaintiffs, as attorneys, are chargeable with knowledge of such law and may contract accordingly.

■■ The finding of the trial court that the parties did not intend Wade to be individually liable is not contrary to the manifest weight of the evidence.

Under our conclusions, it is not necessary to discuss the contentions concerning the proper amount of fees allowed.

■■ The judgment in favor of Wade individually is affirmed. The judgment in favor of plaintiff partnership against Wade as sheriff is reversed.

Reversed in part, affirmed in part.

SMITH, P. J., and SIMKINS, J., concur.