THE PEOPLE *ex rel.* KENNETH BAUGHMAN, Petitioners-Appellants, *v.* LAWRENCE EATON *et al.,* Respondents-Appellees.

(No. 12358;

Fourth District—December 30, 1974.

Kenneth E. Baughman, *pro se.*

Lawrence Eaton and Hugh Finson, *pro se.*

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In June of 1973, petitioner filed a complaint for an injunction seeking to restrain the respondents, the State's Attorney and the assistant State's Attorney of Piatt County, repectively, from participating in certain proceedings. A preliminary injunction was denied, and ultimately a motion to dismiss the complaint for an injunction was allowed. Thereafter, the present proceeding was commenced by the filing of an amended petition for the appointment of a special State's Attorney. This petition sought to have the respondents enjoined from prosecuting certain alleged misconduct and sought the appointment of a special State's Attorney to conduct an investigation before a special grand jury. In the petition, allegations were made of alleged misconduct by certain named officials or former officials. The petition also made allegations with reference to the conduct of the State's Attorney with reference to some private representation.

It is not necessary for a decision that we repeat here the allegations made in the petition. It should be noted, however, that the allegations are not of specific facts but rather state suspicions or "a large suspicion" or contain such phrases as an allegation that illegal action "may be" in-

volved, "this being premised only upon suspicion." In one instance, the petition alleges:

"[I]t has been brought to the Petitioner's attention certain facts which may establish probable cause for the violation of law on behalf of unnamed individuals in respect to the following laws:"

This allegation is followed by references to statutory provisions relevant to bribery in the Criminal Code and references to paragraphs 3 and 4 of chapter 102, and paragraphs 3—14—4 and 3—14—5 of chapter 24, of the Illinois Revised Statutes, the year being not specified, but we presume Illinois Revised Statutes 1973.

The petition also makes reference to certain grand jury proceedings in Piatt County and alleges that the respondent Eaton "presented witnesses in a systematic manner in an effort to discredit the testimony" of a named witness relative to an alleged bribe. Ultimately, a motion to dismiss the petition was allowed. This appeal is from the order finally entered.

In view of the serious nature of the allegations in the petition, although conclusionary in nature, this court requested briefs from the attorney general and the Illinois State Bar Association as amici curiae. These briefs, aside from procedural issues, conclude that upon this record there was no abuse of discretion in the order refusing the relief requested in the petition. This court is appreciative of the comprehensive briefs filed by amici curiae.

A private citizen may file a petition for the appointment of a special prosecutor by reason of the provisions of section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1973, ch. 14, ¶ 6). (See also *People v. Howarth*, 415 Ill. 499, 114 N.E.2d 785.) Such petition calls the attention of the court to circumstances that may warrant the appointment of a special prosecutor. (*Hutchens v. Wade*, 13 Ill.App.3d 787, 300 N.E.2d 321.) In the last cited case, we noted:

"The appointment of a special state's attorney involves the exercise of judicial discretion in the determination of whether a contingency authorizing the exercise of such power has arisen. (*Lavin v. Commrs. of Cook County* (1910), 245 Ill. 496, 92 N.E. 291. See also *People v. Sears* (1971), 49 Ill.2d 14, 273 N.E.2d 380.) The jurisdiction of the trial court in such a matter may be initiated by the petition of the state's attorney or by the petition of a citizen. (*People v. Howorth* (1953), 415 Ill. 499, 114 N.E.2d 785.) There is dicta in *People v. Northup* (1914), 184 Ill.App. 638, to the effect that the jurisdiction of a court to appoint a special state's attorney may be invoked even upon the court's own motion. In any event, for a meaningful exercise of judicial discretion,

the court's attention must in some way be directed to the subject matter requiring a decision." 13 Ill.App.3d 787, 789-790; 300 N.E.2d 321, 322-323.

■■ We conclude that the denial of the petition is an appealable order. Clearly the denial of the petition calls for the exercise of judicial discretion, and the denial is a final termination of the proceeding. Availability of appellate review is a necessary ingredient of that proceeding.

■■ Upon this record, we cannot say that the court abused its discretion in the denial of the petition. As noted, the allegations, though serious, are stated in terms of conclusions or suspicions, rather than in terms of a pleading relating to specific facts. Inasmuch as the order of the circuit court denying the petition is required to be affirmed, we need not consider certain pending motions relating to this case. Accordingly, it is the order of this court that the judgment of the circuit court of Piatt County be, and the same is, affirmed.

Judgment affirmed.

SMITH, P. J., and KUNCE, J., concur.