In re PETITION OF JILL McNULTY et al.—(THE PEOPLE OF THE STATE OF ILLINOIS, Objector.)

First District (4th Division)    No. 77-375

Opinion filed May 18, 1978.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and William E. Kenny, Assistant State's Attorneys, of counsel), for the People.

Shelvin Singer, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Petitioner, Jill K. McNulty, filed a petition in the juvenile division of the circuit court of Cook County, seeking an award of fees and expenses for legal services performed by her and David S. Rudstein on behalf of the Honorable William S. White in a mandamus proceeding before the Illinois Supreme Court. The County of Cook appeals from an order granting petitioner $2,130 as fees and $228.02 as expenses, contending that petitioner was not properly appointed as a special state's attorney pursuant to section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6).

We affirm the order of the circuit court.

On August 13, 1976, the Honorable William S. White, presiding judge of the juvenile division of the circuit court of Cook County, entered certain orders directing jury trials to be granted in the delinquency proceedings pending against minors Glenn Young and David Morris.

The State's Attorney of Cook County was thereafter granted leave to petition the Illinois Supreme Court for a writ of mandamus pursuant to Supreme Court Rule 381 (Ill. Rev. Stat. 1975, ch. 110A, par. 381), ordering Judge White to expunge the orders granting jury trials in the delinquency proceedings. The supreme court granted leave to file the mandamus petition on August 25, 1976. Judge White appointed the petitioner and attorney David S. Rudstein to represent him in the mandamus proceeding.

On September 15, 1976, petitioner filed a motion in the supreme court for leave to appear, file briefs and argue on behalf of Judge White. The

motion and attached affidavit indicated that Judge White desired to appear and be represented by counsel. Also attached to the motion was a letter from Donald O'Connell, administrative director of the circuit court of Cook County, advising the supreme court that petitioner had been appointed by Judge White pursuant to section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6), and that the appointment had been approved by Judge John S. Boyle, chief judge of the circuit court of Cook County.

Copies of this motion and attachments were served on the state's attorney. No objection having been made, the petitioner's motion was granted by the supreme court on September 20, 1976.

The petitioner and attorney Rudstein thereafter filed briefs and participated in oral argument in the mandamus proceeding. In *People ex rel. Carey v. White* (1976), 65 Ill. 2d 193, 357 N.E.2d 512, the supreme court issued a peremptory writ of mandamus directing Judge White to vacate his orders granting jury trials in the pending delinquency proceedings and to conduct further proceedings in accordance with the views expressed by the court.

On December 1, 1976, petitioner filed a petition in the juvenile division of the circuit court alleging that she was entitled to $2,130 as fees and $228.02 in expenses for her representation of Judge White in the mandamus proceeding. The state's attorney filed a motion to dismiss the petition for fees objecting and asserting for the first time that the petitioner's appointment was improper. After a hearing, the circuit court entered an order directing that petitioner be allowed the requested fees and expenses. The payment of those fees and expenses has been stayed pending the outcome of this appeal.

It is contended that the trial court erred in awarding attorneys fees in this case because petitioner had not been properly appointed a special state's attorney pursuant to section 6 of "An act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6). Petitioner asserts that by failing to object to her participation in the mandamus proceedings on behalf of Judge White, the county has waived any objections to her appointment. In response, the county argues that the circuit court lacked subject matter jurisdiction to appoint petitioner as a special state's attorney for two reasons: (1) no petition was filed requesting the appointment and (2) the appointment was made by the circuit court instead of the supreme court in which the mandamus action was pending. If the circuit court lacked subject matter jurisdiction to act, no waiver of this issue can be asserted.

■■ Section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6) provides:

"Whenever the attorney general or state's attorney is sick or

absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding, and the attorney so appointed shall have the same power and authority in relation to such cause or proceeding as the attorney general or state's attorney would have had if present and attending to the same * * *."

The appointment of a special state's attorney involves the exercise of judicial discretion in determining whether a contingency provided for by section 6 has arisen. (*Lavin v. Board Commissioners of Cook County* (1910), 245 Ill. 496, 92 N.E. 291; *Hutchens v. Wade* (1973), 13 Ill. App. 3d 787, 300 N.E.2d 321.) The statute does not specify the procedure to be employed in order to bring the matter to the court's attention and invoke its jurisdiction. The filing of a petition by the state's attorney is one proper method of initiating the procedure. The court's jurisdiction may also be invoked upon the petition of a citizen (*People v. Howarth* (1953), 415 Ill. 499, 114 N.E.2d 785; *People ex rel. Baughman v. Eaton* (1974), 24 Ill. App. 3d 833, 321 N.E.2d 531), or by the court upon its own motion (*People ex rel. Hoyne v. Northup* (1914), 184 Ill. App. 638). As stated in *Hutchens v. Wade* (1973), 13 Ill. App. 3d 787, 790, 300 N.E.2d 321, 323, "for a meaningful exercise of judicial discretion, the court's attention must in some way be directed to the subject matter requiring a decision."

In this instance petitioner was appointed to represent Judge White in a mandamus action arising out of proceedings had before him. There can be no doubt that the judge was fully aware of the circumstances necessitating the appointment of a special state's attorney. Clearly the state's attorney could not have represented the interests of both the judge and the county in the mandamus proceeding. This is an excellent example of a situation calling for the court to appoint a special state's attorney upon its own motion.

It is necessary to distinguish this case from *Hutchens v. Wade* (1973), 13 Ill. App. 3d 787, 300 N.E.2d 321. There attorneys fees were sought for services performed in representing a sheriff in a declaratory judgment action. No petition was filed nor appointment made by the court pursuant to section 6. The court held that since no action directing the court's attention to the issue of appointment had been taken, the court could not be held to have acquiesced in the appearance of counsel as a special state's attorney. Here, however, the circuit court was fully cognizant of the need to appoint a special state's attorney and knowingly exercised its discretion in appointing petitioner to represent Judge White as evidenced by the letter from the administrative director of the circuit court of Cook County to the supreme court advising it of petitioner's appointment.

Furthermore, the motion for leave to appear filed by petitioner in the supreme court, including the circuit court's letter, indicated that petitioner was acting pursuant to an appointment as special state's attorney under section 6. With this knowledge, the supreme court granted leave for petitioner to appear as counsel for Judge White. We emphasize that all of this was done with the knowledge of the state's attorney and without objection.

For these same reasons we must reject the county's contention that petitioner's appointment was made by the "wrong" court. Both the circuit court, in which the delinquency proceedings were pending, and the supreme court, as part of the mandamus proceeding, were given the opportunity to consider and approve the petitioner's appointment.

■■ Having found no substance in the jurisdictional arguments presented, the technical objections raised by the county must also fail. The county's failure to object to petitioner's appointment at a more meaningful time in the proceedings now precludes it from raising the objection on appeal.

In *People ex rel. Barrett v. Board of Commissioners* (1973), 11 Ill. App. 3d 666, 297 N.E.2d 307, this court found that the county's failure to object to the appointment of a special state's attorney either at the appointment hearing or during the mandamus proceeding constituted a waiver of the right to review the issue on appeal. In this case the record reveals that the state's attorney was amply apprised of petitioner's appointment at the time petitioner filed a motion for leave to appear in the supreme court proceeding. No objection was raised by the county in opposition to petitioner's motion to appear, although the motion indicated that petitioner was acting pursuant to an appointment under section 6.

Lastly, and for the sake of completeness, we will address the county's contention that the state's attorney had no duty to represent Judge White in the mandamus proceeding brought pursuant to Supreme Court Rule 381 (Ill. Rev. Stat. 1975, ch. 110A, par. 381), and in which the judge was designated by the petition as a nominal party. Rule 381(d) states: "In an original action to review a judge's judicial act the prevailing party in the proceeding before the judge shall also be designated as a respondent. Process shall be served on the respondents, but the judge is a nominal party, only, and need not respond to the process. His failure to do so will not admit any allegation. Counsel for the prevailing party may file appropriate papers for that respondent but shall not file any paper in the name of the respondent judge." From this language the county concludes that the state's attorney had no duty to represent Judge White, although the judge chose to appear and argue before the supreme court.

We do not agree. The cases and comments cited by the county indicate that the purpose of a judge's nominal party designation in such actions is

to protect the judge from personal, adversarial entanglement in litigation in which his role is solely judicial. (See *United States v. King* (D.C. Cir. 1973), 482 F. 2d 768; *General Tire & Rubber Co. v. Watkins* (4th Cir. 1966), 363 F. 2d 87; *Rapp v. Van Dusen* (3d Cir. 1965), 350 F. 2d 806.) This laudable intention, however, does not prohibit a judge with a personal interest in the administration of his courtroom from actively participating in the litigation.[1] It seems particularly appropriate that Judge White, as chief judge of the juvenile division, chose to participate in the mandamus proceeding reviewing his decision to grant jury trials in juvenile proceedings.

■■ Whether a judge is designated a nominal or real party, if sued in his official judicial capacity, it is the duty of the state's attorney to represent him. (Ill. Rev. Stat. 1975, ch. 14, par. 5(4).) When, as here, a conflict of interests prevents the state's attorney from fulfilling that function, section 6 establishes the criteria for appointment of a special state's attorney. We must conclude that Rule 381 does not limit the situations in which a special state's attorney may be appointed.

The skillful and highly professional services rendered by appointed counsel is apparent. We note that the reasonableness of the amount of fees awarded by the trial court has not been questioned. We suggest that it would be appropriate for the petitioner to seek additional fees for the preparation and prosecution of this appeal. The judgment of the trial court is affirmed.

Judgment affirmed.

JOHNSON, P. J., and ROMITI, J., concur.

---

[1] In this connection we note that the corresponding Federal rule states: "If the judge or judges named respondents do not desire to appear in the proceedings, they may so advise the clerk and all parties ° ° °." Fed. R. Ap. P. 21.