812

MARILYN SITTON *et al.*, Plaintiffs-Appellants, *v.*
WESLEY F. GIBBS, Defendant-Appellee.

First District (5th Division)    No. 78-1396

Opinion filed June 22, 1979.

Liebling, Hauselman & Miller, Ltd., of Chicago, for appellants.

Ronald S. Cope and Nilda M. Soler, both of Ancel, Glink, Diamond & Murphy, P. C., of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs brought this action to recover damages from defendant, the superintendent of schools for Niles Township High School District No. 219, alleging that he breached an implied warranty of authority in offering plaintiffs employment contracts as lay supervisors for the 1973-1974 school year. The trial court entered summary judgment in favor of defendant and plaintiffs appealed, contending that summary judgment was improperly granted in that: (1) defendant did not have the statutory authority to enter into the contracts; and (2) the trial court misconstrued the principle of ratification as it applies to employment contracts between a school superintendent and lay supervisors. We affirm.

The pertinent facts are not in dispute. Defendant sent plaintiffs letters offering them employment in a lay supervisory capacity for the 1973-1974 school year. Each plaintiff accepted the offer of employment as stated in the letters by signing the form at the lower portion of the letter. Plaintiffs began working at the beginning of the school year and continued to work until October 15, 1973, at which time they were notified by defendant that their employment was being terminated and were told that they would receive two weeks' severance pay.

Prior to bringing the instant action, plaintiffs sued Niles Township School District No. 219 (District) for breach of contract, seeking the balance of the salary they would have received had they continued to work for the entire school year. The circuit court of Cook County held that the District was not liable on the contracts and plaintiffs then filed this action against defendant seeking to hold him personally liable on the contracts. After filing his answer and an affirmative defense, defendant filed a motion for summary judgment. Defendant's motion was granted, the trial court finding that defendant had never agreed to become

personally liable, that plaintiffs had been employed, paid and terminated by the District, and that there was no basis for imposing personal liability against defendant. Plaintiffs then brought this appeal.

OPINION

The sole issue to be determined is whether or not the trial court properly granted summary judgment for defendant. Plaintiffs contend that the trial court misinterpreted agency principles, failed to find defendant personally liable on the theory that he breached an implied warranty of authority and misconstrued the concept of ratification with regard to the District's actions in paying them. Defendant on the other hand maintains that he made no personal agreement with plaintiffs, that the theory of implied warranty of authority is not applicable to public agents whose authority is defined by law, and that plaintiffs have acknowledged that the District ratified defendant's actions.

Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) If no triable issue of material fact exists, then the movant is entitled to summary judgment as a matter of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440.) In the instant case, there being no dispute as to the facts, our determination of whether the trial court properly granted summary judgment for defendant depends on whether it applied the correct theories of law.

Plaintiffs first contend that the trial court misinterpreted agency law, maintaining, in essence, that because the District was found to be free from liability on the contracts, defendant necessarily was without authority to enter into them. Plaintiffs' argument begs the question. In a collateral action, the trial court dismissed the case against the District on the grounds that the District was not liable to plaintiffs on the contract. That decision, in the context of agency principles, does not require the conclusion that defendant in the instant case must therefore be liable. The significance of the dismissal of the action against the District is merely that if there is any liability based on the contracts, that liability cannot be imputed to the District. In no way can the decision as to the District determine the liability of defendant, who was not a party to that action. ■■ As superintendent of schools, defendant is an agent of the District (*Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516) and cannot be held personally liable to plaintiffs if he was acting within the scope of his authority and did not personally agree to assume liability with regard to plaintiffs' contracts.

We do not agree with plaintiffs' contention that defendant exceeded

his authority and thus was in breach of an implied warranty that he had the authority to hire or fire plaintiffs. Among the powers and duties of the District are the discretion to "employ non-teaching personnel or utilize volunteer personnel for non-teaching duties not requiring instructional judgment or evaluation of pupils" (Ill. Rev. Stat. 1971, ch. 122, par. 10—22.34), and "[t]o designate non-certificated persons of good character to serve as supervisors * * * for school activities not connected with the academic program of the schools." (Ill. Rev. Stat. 1971, ch. 122, par. 10—22.34a.) Defendant's responsibilities as superintendent include the administration of the schools under the District's direction and making recommendations regarding the budget and selection of teachers and other employees. Ill. Rev. Stat. 1971, ch. 122, par. 10—21.4.

· Defendant notified plaintiffs of their hiring as well as of their dismissal. Both letters were on District stationery and both were signed by defendant as superintendent. Neither of the letters indicated that defendant was acting on his own and the dismissal letter refers specifically to "the Board's [District's] decision to replace lay supervisors."

■■ While matters pertaining to hiring and firing of school personnel are discretionary functions and therefore cannot be delegated (*Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Lindblad v. Board of Education* (1906), 221 Ill. 261, 77 N.E. 450), duties which are ministerial may be delegated. (*Allen v. Thornblad* (1976), 42 Ill. App. 3d 554, 356 N.E.2d 361.) In notifying plaintiffs of their dismissal, defendant was clearly performing a ministerial task, informing plaintiffs of the District's decision. Such action on the part of defendant was in keeping with the powers and duties of both defendant and the District as expressed in the statutes.

■■ ■ Even assuming, *arguendo*, that defendant was without statutory authority to notify plaintiffs of their employment or dismissal, he has not breached an implied warranty of authority. Because defendant's authority is specifically defined by statute, plaintiffs cannot claim that they had no notice of defendant's actual authority. (*Ayers v. City of Jacksonville* (1912), 171 Ill. App. 129; see also *Rogne v. People* (1906), 224 Ill. 449, 79 N.E. 662.) Moreover, Illinois has modified agency law so as to protect public agents in the performance of their statutory duties, and even if defendant had exceeded his authority through some ignorance of the law, he cannot be held personally liable on the contracts because there is no expression of a clear intent to assume such liability. *Hutchens v. Wade* (1973), 13 Ill. App. 3d 787, 300 N.E.2d 321; *Mann v. Richardson* (1873), 66 Ill. 481.

■■ Finally, we are not persuaded by plaintiffs' contention that the District did not ratify defendant's actions through a proper vote. Section 10—7 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 10—7) requires that the

District's vote regarding expenditures be recorded. Plaintiffs, however, did not allege that the District acted without a proper vote. Moreover, they acknowledged, in their answer to defendant's motion for summary judgment, that the District ratified defendant's actions with regard to their hiring and plaintiffs' notification of dismissal was handled in the same way. Furthermore, defendant's averment that the District had provided for plaintiffs' positions in its budget has gone unchallenged. We conclude, therefore, that even if not previously authorized, defendant's acts were ratified by the District with regard to the hiring of plaintiffs when they allowed plaintiffs to be paid for their services. Similarly, ratification of the notice of dismissal is evidenced by the cessation of regular payment and the issuance of severance pay to plaintiffs.

■■ Regarding plaintiffs' alternative claim for damages resulting from defendant's alleged misrepresentation of his authority, we need only say that defendant is protected against claims of negligent misrepresentation by the Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 2—210), and plaintiffs have not alleged, nor do we find any evidence of, a willful misrepresentation.

Accordingly, we hold that defendant is not personally liable to plaintiffs for damages arising from their dismissal. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.