# The People of the State of Illinois, Defendant in Error, v. W. E. Newsome, Plaintiff in Error.

1. CRIMINAL LAW, § 577*—*when points raised on motion to quash indictment regarded on appeal as waived.* Points raised on a motion to quash an indictment as presented to the trial court were considered as waived where not argued on review.

2. ELECTIONS, § 240*—*when. indictment for altering ballots sufficiently certain as to election district, etc.* An indictment, charging the alteration of ballots by an election official in violation of the general election law at an election for State's Attorney, charged with sufficient certainty to apprise defendant that there was a second election district of the election precinct of the named town, and that defendant was one of the election judges at the election.

3. ELECTIONS, § 240*—*when indictment for altering ballots not defective for failing to state qualifications of candidate.* An indictment charging the alteration of ballots by an election official was not defective in failing to state the qualifications of the candidate for State's Attorney, for whom the ballots were cast which defendant was charged with altering.

4. ELECTIONS, § 240*—*when indictment for altering ballots not fatally defective in matter of acts charged.* An indictment charging an election official with alteration of ballots was not fatally defective because some of the acts set out might in and of themselves have constituted the violation of other statutes or other sections of the same statute than the one in question.

5. INDICTMENT AND INFORMATION, § 8*—*when signing of indictment for violation of election law by special State's Attorney proper.* The signing of an indictment, charging an election judge with alteration of a ballot cast for one of the candidates for State's Attorney, by a special State's Attorney regularly appointed by the Circuit Court for the investigation of alleged violations of the election law, was proper.

6. CRIMINAL LAW, § 595*—*when judgment of conviction not reversed.* Where the proofs conclusively show defendant's guilt, a judgment of conviction will not be reversed for errors which neither caused defendant to be deprived of some of his constitutional rights nor were vital to a fair and impartial trial.

7. ELECTIONS, § 241*—*when ballots admissible in evidence on prosecution for altering ballots.* In a prosecution of an election judge for altering ballots, such ballots were properly admitted in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidence, although at the trial 6 months had elapsed since the election, and the proper preservation and the identification of the ballots were in dispute, as it was for the jury to determine what weight was to be given to the ballots under all the circumstances proven.

8. CRIMINAL LAW, § 460*—*when question not considered on appeal on account of insufficient abstract.* In a prosecution of an election judge for altering ballots, alleged error in refusing to allow defendant to introduce in evidence the record of the board of supervisors for the purpose of showing that there was no order fixing the place of the election and no division of the town into districts, was not considered, where the abstract contained no preliminary proof regarding such record, nor the record itself, nor anything in regard to its offer, from which the court could determine whether the ruling was correct or not.

9. ELECTIONS, § 241*—*when ballots admissible in evidence on prosecution for altering ballots.* In a prosecution of an election judge for altering ballots, it was not error to admit in evidence the ballots in question, on the alleged ground that at the time of the trial 6 months had elapsed since the election and under the law the ballots should have been destroyed and had no legal existence, had not been properly preserved and were not identified, as the rule on the competency of the ballots in election contests had nothing to do with the competency of such ballots in a prosecution of the kind in question.

10. ELECTIONS, § 241*—*when supervisors' record admissible in evidence on prosecution for altering ballots.* In a prosecution of an election judge for altering ballots, the record of the supervisors showing the appointment of defendant as such judge was properly admitted, as it was the best evidence of the fact.

11. CRIMINAL LAW, § 425*—*when error in connection with custody of jury will be considered on appeal.* Error in permitting the jury in a criminal case to retire in charge of an unsworn officer will only be considered where, if the officer was not in fact sworn, defendant objected to the irregularity at the time, and if not corrected by the court, took a bill of exceptions.

12. CRIMINAL LAW, § 388*—*when sentence on conviction under indictment containing several counts sufficient.* The different counts of the indictment for violation of the election law in question charged but one offense, although different acts were alleged constituting the offense charged in the several counts; and therefore sentence was not required to be imposed upon each count.

Error to the Circuit Court of Montgomery county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the April

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

term, 1918. Affirmed. Opinion filed October 22, 1918. Rehearing denied April 3, 1919.

GEORGE P. O' BRIEN and J. H. ATTERBURY for plaintiff in error.

AMOS MILLER, for defendant in error; J. R. McDAVID, of counsel.

MR PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Plaintiff in error was convicted upon an indictment charging a violation of section 86 of the General Election Law of 1872 (section 86, ch. 46, Hurd's Rev. St., J. & A. ¶ 4812). He was sentenced on the verdict to confinement in the county jail for 260 days and to pay the costs. By this section it is provided: "If any judge of any election shall permit a person to vote whose vote is challenged, without the proof required in this act; or, * * *, 6th. Shall be guilty of any fraud, corruption, partiality or manifest misbehavior; * * * shall, on conviction thereof, be fined in a sum not exceeding $1,000, or imprisoned in the county jail not exceeding one year, or both, in the discretion of the court." The indictment consisted of fourteen counts. A motion was made to quash the indictment and each count thereof, which was overruled as to all counts except the thirteenth, to which it was sustained. The first alleged error presented for consideration is the action of the court in overruling the motion to quash the remaining counts of the indictment. On the motion, as presented to the trial court, many points were raised, which are not argued here, and must therefore be considered as waived. The first count of the indictment appears in the abstract, and this is as follows:

"THE GRAND JURORS, chosen, selected and sworn in for the County of Montgomery, in the name and by

the authority of the People of the State of Illinois, upon their oaths present that William E. Newsome, late of the County of Montgomery and State of Illinois, on the seventh day of November, in the year of our Lord one thousand nine hundred and sixteen, at and within the County aforesaid, at a general election being held in the second election district of the election precinct, of the Town of North Litchfield, in the County of Montgomery aforesaid, for the election of a State's Attorney, in and for the County of Montgomery aforesaid, and State of Illinois, and for other County and State officers, then and there being lawfully held, at which election one Frank M. Ramey and one J. Earl Major were opposing candidates for the office of State's Attorney for the County of Montgomery and State of Illinois, aforesaid, and the name of the said Frank M. Ramey and also the name of the said J. Earl Major appeared and were upon the official ballot, used at said election in the said election district, as candidates for the said office of State's Attorney, respectively, and at which election the said William E. Newsome was then and there duly appointed, qualified and was acting as one of the judges of said election; and that during the canvass of the official ballots legally cast by the electors in said election district at said election, he, the said William E. Newsome, was then and there guilty of fraud, corruption, partiality and manifest misbehavior in this, that he, the said William E. Newsome, did then and there unlawfully, wilfully, fraudulently and corruptly change and alter a certain official ballot which had been then and there legally cast by an elector of said district for the said J. Earl Major for the office of State's Attorney aforesaid, and was then and there being canvassed by the duly appointed Judges of the district aforesaid, by then and there making a cross or mark in the square on the line with and immediately preceding the name of

the said Frank M. Ramey, who was a candidate for the office of State's Attorney as aforesaid, with intent then and there, to defraud and deprive the elector who cast said official ballot at said election for the said J. Earl Major, for the office of State's Attorney aforesaid, of his vote as he, the said elector who cast said official ballot then and there intended, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.''

It is urged that the indictment is faulty in that it fails to aver that there was a second election district of the election precinct of the Town of North Litchfield, or that J. Earl Major possessed any of the necessary qualifications required of a State's Attorney, if elected. The indictment charges with sufficient certainty to apprise defendant that there was a second election district of the election precinct of the Town of North Litchfield, and that he was one of the judges at a general election held therein on that day. What the qualifications of J. Earl Major were had no connection whatever with the crime charged. The offense was a violation of the election law committed by plaintiff in error as a judge of the election, and not a private offense against a candidate.

It is next urged that the indictment does not charge plaintiff in error with doing any act that constituted fraud, corruption, partiality or manifest misbehavior, because the acts alleged charging such constituted another and distinct offense, under section 82 of the Act (J. & A. ¶ 4808), which makes it an offense to change the ballot of an elector. The offense for which plaintiff was indicted was corruption, partiality or misbehavior while acting as judge of the election. The indictment proceeds to set out the specific acts constituting such fraud, corruption, partiality and misbehavior, and it can make no difference that some of such acts set out in the indictment may in and of themselves

have constituted the violation of other statutes or other sections of the same statute.

The indictment is signed by a special State's Attorney, who was regularly appointed by the Circuit Court to act as such for the purpose of investigating and prosecuting alleged violations of the election law at the general election held November 7, 1916. There was no error in this. *Lavin v. Board of Com'rs of Cook Co.*, 245 Ill. 496; *People v. McCann*, 247 Ill. 143; *People v. Northup*, 184 Ill. App. 638.

It is contended that several errors were committed on the trial of the case, but the proofs so conclusively show the guilt of the plaintiff in error that unless he was deprived of some of his constitutional rights, or such errors were vital to a fair and impartial trial, the judgment cannot be reversed.

It is insisted that the court erred in admitting in evidence the record of the supervisors showing the appointment of William Newsome as an election judge. No better evidence could have been produced of this fact, and the proofs show the plaintiff in error acted as such election judge and qualified by taking the prescribed oath.

It is next urged that the ballots alleged to have been altered by plaintiff in error were admitted in evidence. It is claimed that at the time of the trial 6 months had elapsed since the election and that under the law the ballots should have been destroyed, and they had no legal existence at that time; also that the ballots had not been properly preserved, and that none of them was identified by any witnesses. Whatever may be the rule on the competency of ballots in cases of election contests, such rule has nothing to do with the competency of such ballots in a criminal prosecution of this character. They were admissible in evidence, together with the evidence of the manner in which they had been preserved for what they were worth, and it

was for the jury to determine what weight should be given to them as evidence under all the circumstances proven, and it was also wholly immaterial what time had elapsed since the election.

It is complained that the court erred in refusing to allow plaintiff in error to introduce in evidence the record of the board of supervisors for the purpose of showing that there was no order fixing the place of the election and no division of the town into districts. The abstract does not contain any preliminary proof in regard to this record, nor the record itself, nor anything in regard to the offer thereof, from which we can determine whether the ruling of the court was correct or not.

The objection to the instructions given for defendant in error are without merit, and there was no error in refusing the two refused instructions on behalf of plaintiff in error.

It is next urged that the court permitted the jury to retire in charge of an unsworn officer. This question was sought to be presented on the motion for new trial by the affidavits of defendant and his counsel, the latter making their affidavits upon information and belief. The record shows that the officer was sworn. In any event, no objection was made by plaintiff in error or his counsel at the time. "If the officer was not, in fact, sworn, the defendants should have objected to the irregularity at the time, and if not corrected by the court, have taken a bill of exceptions." *Dreyer v. People,* 188 Ill. 40.

It is next urged that the judgment is defective in that there should have been a sentence imposed upon each count of the indictment upon the theory that each count presented a separate and distinct offense. The different counts in the indictment charge but one offense, although different acts were alleged constituting that offense, in the several counts.

The abstract filed by plaintiff in error in this court is very meager and insufficient. Defendant in error has filed an additional abstract and has made a motion to tax the costs thereof to plaintiff in error. This additional abstract was necessary and the motion is allowed.

There is no reversible error in the record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*