JIMMY BAXTER, Plaintiff-Appellant, v. GARY PETERLIN, Defendant-Appellee.

Third District   No. 3—86—0606

Opinion filed June 9, 1987.

Melvin H. Hoffman, of Hoffman, Mueller & Creedon, of Ottawa, for appellant.

Gary R. Garretson, Assistant State's Attorney, of Ottawa, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Jimmy Baxter, filed a complaint in the La Salle County circuit court seeking appointment of a special prosecutor to prosecute alleged wrongdoing by James M. Thomas, the mayor of Ottawa, Illinois. Plaintiff is an Ottawa police officer. In his complaint, plaintiff alleged the defendant, State's Attorney of La Salle County, had a disqualifying "interest" in any prosecution of Mayor Thomas because of a political relationship between defendant and the mayor. The circuit court dismissed the complaint, finding plaintiff's allegations insufficient to allege a disqualifying conflict of interest on the part of the La Salle County State's Attorney. We affirm.

The complaint for a special prosecutor, which was before the circuit court on the defendant's motion to dismiss, alleged Mayor Thomas had appropriated city funds for his personal benefit. Plaintiff further alleged he brought this misconduct to the attention of the defendant State's Attorney no later than 1983, and had inquired of defendant on several occasions as to how the investigation was progressing. Rather than pursuing the investigation, defendant allegedly sought to thwart prosecution of the mayor and sought to prevent plaintiff, as a police officer, from pursuing his own investigation or from referring the matter to the Illinois Department of Law Enforcement. Defendant attempted to thwart investigation of Mayor Thomas, the complaint alleges, because defendant:

"[B]elieved that his personal and political fortunes were intertwined with those of James M. Thomas who was and has been a politically popular office holder loyally supported by the Republican party for more than a decade."

After the plaintiff initially contacted the defendant with his information concerning the mayor, the Illinois Department of Law Enforcement conducted an investigation, apparently at plaintiff's request. Defendant did not seek to prosecute the mayor based upon the State agency's investigation.

Accepting the facts as true for purposes of the motion to dismiss, the circuit court determined plaintiff had not sufficiently alleged a disqualifying "interest" on the part of defendant. Accordingly, the complaint seeking appointment of a special prosecutor was dismissed. On appeal, plaintiff argues the allegations in his complaint were sufficient

to require appointment of a special prosecutor or, alternatively, a full evidentiary hearing upon plaintiff's allegations.

■■■ Section 6 of "An Act in regard to attorneys general and state's attorneys" provides:

"Whenever the attorney general or state's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding \*\*\*." (Ill. Rev. Stat. 1985, ch. 14, par. 6.)

This statute may be invoked by the court, the State's Attorney, or by a citizen filing a petition. (*People v. Howarth* (1953), 415 Ill. 499, 114 N.E.2d 785; *People ex rel. York v. Downen* (1983), 119 Ill. App. 3d 29, 456 N.E.2d 286.) The special prosecutor may be appointed at any stage of a case, including the period prior to formal charging. (See *People v. Sears* (1971), 49 Ill. 2d 14, 273 N.E.2d 380.) In appointing a special prosecutor, the trial court must exercise its discretion in determining whether one of the statutory conditions exists which would require a special prosecutor. (*In re McNulty* (1978), 60 Ill. App. 3d 701, 377 N.E.2d 191; *Hutchens v. Wade* (1973), 13 Ill. App. 3d 787, 300 N.E.2d 321.) A prosecutor is "interested" for purposes of the statute if he is interested as a private individual, or if his office is a party to the action. *Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 372 N.E.2d 50.

■■ We agree with plaintiff's contention that a political alliance may create sufficient conflict of interest to require appointment of a special prosecutor. Nevertheless, "political alliance" is an amorphous concept. It might range from a prosecutor belonging to the same political party as the person he is called upon to prosecute, to a situation in which a prosecutor is clearly beholden to a potential defendant for political reasons. Before a court need appoint a special prosecutor because the State's Attorney has a conflict of interest because of a "political alliance," a petitioner must plead and prove specific facts regarding the nature of the alliance as well as facts tending to show the State's Attorney would not zealously represent the People of the State of Illinois because of this alliance. To require a petitioner to plead and prove anything less would open the door to requiring a special prosecutor be appointed any time a public official of whatever rank is suspected of wrongdoing. *In re Grand Jury Investigation of Swan* (1981), 92 Ill. App. 3d 856, 415 N.E.2d 1354.

■■ The special prosecutor statute does not require appointment

of a substitute for the State's Attorney absent specific facts regarding the State's Attorney's political ties which make it improbable the prosecutor could carry out his duties in a specific case. (*People ex rel. York v. Downen* (1983), 119 Ill. App. 3d 29, 456 N.E.2d 286; see also *In re Grand Jury Investigation of Swan* (1981), 92 Ill. App. 3d 856, 415 N.E.2d 1354.) The plaintiff's allegations concerning a political alliance between defendant and Mayor Thomas are speculative and conclusory. The circuit court properly exercised its discretion in declining to appoint a special prosecutor as requested by plaintiff.

Plaintiff's allegations raise a further point concerning prosecutorial discretion. The petition was originally filed in April 1986. Nothing in the record suggests any political ties the defendant State's Attorney might have had with Mayor Thomas in 1983 were fewer or less significant than those ties he may have maintained in 1986. For more than two years, plaintiff was willing to rely upon the judgment of a prosecutor he now claims has a conflict of interest with regard to prosecution of Mayor Thomas. Plaintiff did not question the State's Attorney's ability to zealously carry out his duties until after the prosecutor had made a decision concerning the investigation which differed from plaintiff's own conclusion. In our system, the State's Attorney is vested with a great deal of discretion regarding whom to prosecute and with what crimes they should be charged. (*People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 445 N.E.2d 270.) Assuming *arguendo* there was probable cause to believe Mayor Thomas had committed a crime, it was within the bounds of prosecutorial discretion to decline prosecution of the mayor. (*People v. Travis* (1981), 94 Ill. App. 3d 983, 419 N.E.2d 433.) Prosecutorial discretion is an essential component of the criminal justice system. No good purpose would be served by permitting a person in the plaintiff's position to claim impropriety on the part of a prosecutor based upon hindsight, because he disagreed with the prosecutor's conclusions regarding a particular case.

For the foregoing reasons, we conclude the circuit court properly dismissed plaintiff's petition for appointment of a special prosecutor.

Affirmed.

SPITZ, P.J., and LUND, J., concur.