No. 2--94--1383

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT                              

                                                                           

_________________________________________________________________

THE PEOPLE OF THE STATE         )  On appeal from the Circuit

OF ILLINOIS,                    )  Court of Lake County.

                                )

     Plaintiff-Appellee,        )  No.  91--CF--1001

                                )

v.                              )

                                )

DAVID T. MORLEY,                )  Honorable

                                )  John R. Goshgarian,

     Defendant-Appellant.       )  Judge, Presiding.

 ______________________________________________________________

     JUSTICE HUTCHINSON delivered the opinion of the court:

     Following a jury trial in the circuit court of Lake County,

defendant, David Morley, was found guilty of two counts of

attempted first-degree murder, two counts of aggravated discharge

of a firearm, one count of armed violence, and one count of

aggravated battery with a firearm.  The charges against defendant

stemmed from his involvement in a shoot-out on May 7, 1991, with

two Round Lake Beach police officers, one of whom, Detective

David Ostertag, was struck by a bullet and seriously wounded. 

Defendant was sentenced to an extended term of 50 years'

imprisonment for the attempted murder of Detective Ostertag to

run consecutively to a sentence of 30 years' imprisonment for the

attempted murder of the other officer, Detective Gary Bitler.  

     An appeal was taken, and this court reversed defendant's

convictions and remanded the cause for a new trial.  See People

v. Morley, 255 Ill. App. 3d 589 (1994).  A new jury trial ensued

on the same charges in September 1994 and concluded with guilty

verdicts on all of the charged offenses.  Defendant was sentenced

to 50 years' imprisonment on one count of attempted first-degree

murder to be served consecutively to a 30-year term on the other

attempt count.  Defendant was also sentenced to 30 years'

imprisonment on one count of aggravated discharge of a firearm to

be served concurrently with a 15-year term on the other discharge

count, and concurrently with the other two attempt convictions. 

No sentence was entered on the armed violence count or the count

charging aggravated battery with a firearm.

     In this appeal, defendant raises the following issues:  (1)

whether the trial court improperly refused defendant's request to

appoint a special prosecutor; (2) whether the trial court

improperly refused to allow defendant to impeach two witnesses by

omission; (3) whether the impeachment of a defense witness with

his convictions of the same offenses as those for which defendant

stood trial was improper; (4) whether the trial court erred in

its refusal to instruct the jury on the defense of mistake of

fact; (5) whether the content of the prosecutor's closing

argument deprived defendant of a fair trial; and (6) whether the

trial court erred in finding the attempted murder of Detective

Ostertag to have been accompanied by exceptionally brutal or

heinous behavior indicative of wanton cruelty, thus improperly

imposing an extended term of imprisonment upon defendant.  We affirm.

     The facts of this case are set out in People v. Morley, 255

Ill. App. 3d 589 (1994).  The following supplemental facts are

provided to address the issues relevant to this appeal.  

     On September 22, 1994, arguments were heard on defendant's

motion for the appointment of a special prosecutor.  The motion

alleged, inter alia, that, after the appellate court reversed

defendant's conviction, the prosecutor at defendant's first trial

(and the prosecutor assigned to conduct the retrial), Steven

McCollum, had a leading role in the decision to employ Ostertag

as an investigator in the State's Attorney's office.  Ostertag

was a Round Lake Beach police officer at the time of the alleged

offenses and was shot following a high-speed chase involving

defendant and James Files.  The motion sought an order to

disqualify the State's Attorney's office.

     McCollum, the chief deputy State's Attorney for Lake County,

testified that he was one of two assistant State's Attorneys who

were assigned to prosecute defendant in the first trial. 

McCollum is on the hiring committee for attorneys and

investigators; the committee evaluates and recommends individuals

for hiring to Michael Waller, the Lake County State's Attorney,

who makes the final hiring decision.  McCollum's duties include

assigning cases to the investigators and supervising their

performance.  

     McCollum testified that he prepared Ostertag for defendant's

trial because Ostertag was the victim.  McCollum specifically

indicated to Ostertag that he should not be involved in any

capacity other than as a victim.  McCollum instructed Ostertag

not to investigate or serve subpoenas.  McCollum testified that

Ostertag approached him with information received during a

telephone call from a man named Bob Vernon, who wanted to provide

information regarding James Files' alleged involvement in the

assassination of President Kennedy.  McCollum testified that

Ostertag conducted no other investigation into the case.  

     On cross-examination, McCollum testified that the office of

the State's Attorney decided to reprosecute defendant after the

appellate court reversed defendant's conviction.  He further

testified that the decision to prosecute defendant was not based

upon any personal relationship that McCollum had with Ostertag.  

     Ostertag testified that he was a special investigator in the

State's Attorney's office and had been employed as such for the

past 10 weeks.  Prior to that he was an officer with the Round Lake

Beach police department.  Ostertag's immediate supervisor at the

State's Attorney's office is George Strickland, but he also works

at the direction of McCollum.  Ostertag testified that at

McCollum's request he contacted witnesses for new addresses.  Prior

to his employment with the State's Attorney's office, Vernon

contacted Ostertag with his claims of Files' involvement with the

Kennedy assassination.  Ostertag testified that he apprised

McCollum of his discussions with Vernon and that McCollum never

told him to cease gathering information from Vernon.  McCollum told

him, however, not to serve subpoenas, and Ostertag did not talk to

witnesses about their anticipated testimony.  Ostertag, on his own,

requested federal "rap" sheets for defendant and Files.

     Following argument of counsel, the trial court denied

defendant's motion, stating that no conflict existed at the time of

the first trial and nothing presented in the motion hearing

convinced him that a conflict existed as this second trial

approached.  Furthermore, the trial court stated that should

Ostertag's testimony deviate from his original testimony, the

defense could attempt to impeach him. Therefore, no harm would

result even if a conflict was to be determined.

     Nonpublishable material omitted under Supreme Court Rule 23.

     Defendant was tried before a jury on September 26-29, 1994. 

     The jury returned verdicts finding defendant guilty of two

counts of attempted first-degree murder, two counts of aggravated

discharge of a firearm, one count of armed violence, and one count

of aggravated battery with a firearm.

     At a post-trial hearing on November 21, 1994, defendant's

motion for a new trial was denied, and the cause proceeded to

sentencing.  Following arguments, in stating that defendant's

conduct was brutal and heinous and indicative of wanton cruelty and

in considering defendant's prior convictions and criminal history,

the trial court imposed an extended term sentence of 50 years'

imprisonment as to the attempted murder of Ostertag, to be served

consecutively to a 30-year term as to the same charge in reference

to Bitler.  A 30-year extended term was imposed for the offense of

aggravated discharge of a weapon (Ostertag), to be served

concurrently with a 15-year term on the same offense with regard to

Bitler.  No sentence was entered for the offenses of armed violence

or aggravated battery with a firearm.

     On November 23, 1994, defendant's motion for reconsideration

of sentence was denied.  Defendant timely appeals.

     Defendant first contends that his motion for appointment of a

special prosecutor should have been granted.  The basis of

defendant's motion is that the victim, Ostertag, was recommended

for employment in the State's Attorney's office by the prosecutor,

McCollum, and was subsequently hired as an employee of the State's

Attorney's office.  Therefore, defendant argues, a reasonable

possibility existed that the prosecution would not exercise its

discretionary power in an even-handed manner.  The State argues

that Ostertag was the victim and did not perform employee functions

in this case.

     Article VI, section 19, of the Illinois Constitution provides

for the election of a State's Attorney in each county.  Ill. Const.

1970, art. VI, §19.  The powers and duties of a State's Attorney

include commencing and prosecuting all actions, civil and criminal,

in which the people of the State may be concerned.  55 ILCS Ann.

5/3--9005 (Smith-Hurd 1996).  However, when a State's Attorney is

interested in any cause or proceeding, civil or criminal, which it

is or may be her or his duty to prosecute, the court may appoint

some other competent attorney to prosecute such cause or

proceeding.  55 ILCS 5/3--9008 (West 1994).  The purpose of this

provision is to prevent any influence upon the discharge of the

duties of the State's Attorney by reason of personal interest.  See

People ex rel. Hutchinson v. Hickman, 294 Ill. 471 (1920).  The

decision to appoint a special prosecutor rests with the discretion

of the trial court.  People v. Polonowski, 258 Ill. App. 3d 497,

503 (1994).  A special prosecutor can be appointed at any stage of

the case.  Baxter v. Peterlin, 156 Ill. App. 3d 564, 566 (1987).

     The conflict asserted here is based on McCollum's professional

relationship with Ostertag.  Initially, we note that the trial

court clearly had the discretion either to appoint or deny the

appointment of a special prosecutor.  The issue thus becomes

whether McCollum was "interested" within the scope of the statute. 

The State denies that McCollum was "interested" or had a conflict

of interest as such.  Our supreme court has held that the only

situations in which the Attorney General or the State's Attorney

could be considered to be interested so as to authorize the

appointment of a special Attorney General or State's Attorney are

where (1) she or he is interested as a private individual; or (2)

she or he is an actual party to the litigation.  Environmental

Protection Agency v. Pollution Control Board, 69 Ill. 2d 394, 400-

01 (1977); see also Suburban Cook County Regional Office of

Education v. Cook County Board, 282 Ill. App. 3d 560, 569 (1996). 

     Defendant also cites People v. Lewis, 88 Ill. 2d 429 (1981),

and People v. Polonowski, 258 Ill. App. 3d 497 (1994), for support. 

However, the Lewis and Polonowski holdings are limited to conflicts

based on counsel's personal relationships. Because defendant

contends that McCollum's conflict is based on a professional

relationship with a witness, and not a personal relationship, we

decline to analyze under the Lewis and Polonowski line of cases. 

Furthermore, neither of these cases imposed a per se rule which

required the disqualification of counsel on the basis of an

acquaintance with a witness.  

      In the instant case, McCollum is not an actual party, nor

does the record support a finding that McCollum has a private

individual interest in the litigation.  The words that McCollum

used to describe Ostertag, a "very nice man," a "colleague," and a

"very good and professional police officer," do not rise to the

level of a personal interest.  Cf. Baxter v. Peterlin, 156 Ill.

App. 3d 564 (1987).  Further, at the pretrial hearing, Ostertag

testified that he had been employed at the State's Attorney's

office for approximately 10 weeks; he only checked the current

addresses of some of the witnesses; he did not discuss their

testimony with them; he did not interview them; he did not serve

any subpoenas; he made no diagrams; and he did not handle any

physical evidence.  Regarding the communications between Ostertag

and Vernon, Ostertag testified that it was Vernon who initially

contacted him regarding Files' involvement with the Kennedy

assassination, and this was done prior to his employment with the

State's Attorney's office.

     The State's Attorney's responsibilities are not limited to

representing the people of the State who are not employed by the

State of Illinois or some other governmental entity. These

prosecutorial responsibilities will occasionally include

prosecuting cases where victims and witnesses are employed by a

state, county, or local agency, including, but not limited to, the

State's Attorney's Office.  Furthermore, the State's Attorney does

not represent individuals or specific witnesses during the course

of criminal prosecutions.  Criminal prosecutions are commenced in

the name of and on behalf of the people of the State of Illinois. 

To hold that a special prosecutor must always be appointed whenever

a victim or witness is employed by a state, county, or local agency

would be an illogical, as well as impractical, encroachment upon

the authority of a constitutional officer.  Accordingly, we hold

that the trial court did not abuse its discretion in denying

defendant's motion for the appointment of a special prosecutor.

     Nonpublishable material omitted under Supreme Court Rule 23.

     For the foregoing reasons, defendant's convictions and

sentence are affirmed.  

     Affirmed.  

     GEIGER, P.J., and INGLIS, J., concur.